**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brett Honig, | No. CV-14-01443-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Social Security Administration, | |
| Defendant. | |

On June 25, 2014 Plaintiff filed a complaint against the "AZ Social Security Administration." Doc. 1. Plaintiff has also filed a motion to proceed in forma pauperis ("IFP"). Doc. 2. The Court will grant Plaintiff's application for IFP status, screen his complaint, and dismiss the complaint for failure to state a claim.

**I.    Motion for IFP Status.**

Plaintiff attaches an affidavit on a court-approved form which suggests that he receives a total monthly income of $885 in disability benefits and that he has monthly expenses totaling $885. Doc. 2. It is clear from Plaintiff's affidavit that he cannot pay or give security for fees and costs and still provide himself with the necessities of life. *See Adkins v. E. I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1943). Plaintiff's motion for IFP status will be granted.

**II.   Legal Standard.**

In IFP proceedings, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief can be granted[.]" 28 U.S.C. § 1915(e)(2). Although much of § 1915 concerns prisoner litigation, § 1915(e)

applies to all IFP proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc). "Section 1915(e)(2)(B)(ii) . . . allows a district court to dismiss[ ] sua sponte . . . a complaint that fails to state a claim[.]" *Id*. at 1130. "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id*. at 1127. A district court dismissing under this section "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id*. at 1127-29 (citations omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This short and plain statement "need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Legal conclusions couched as factual allegations are not given a presumption of truthfulness and "conclusory allegations of law and unwarranted inferences are not sufficient." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). Dismissal is appropriate where the complaint lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

**II.    Plaintiff's Complaint.**

Plaintiff names as Defendant the Arizona Social Security Administration.[1] Plaintiff appears to be complaining that he was treated rudely during a telephone conversation with the Social Security Administration on June 18, 2014. Doc. 1 at 2, 4.

---

[1] This case was designated as an action for review of a determination of the Commissioner of the Social Security Administration. However, finding nothing in Plaintiff's complaint suggesting he seeks such review, this case will not be placed on an expedited track.

Plaintiff's complaint, which appears to be a series of letters written either to the "Director of Social Security," the "Social Security Office," or President Obama, states that the "Director wants an overpayment back," and Plaintiff does not believe this is fair because he was incarcerated. *Id.* at 4-7. Later in the complaint, Plaintiff says "I will pay the overpayment $40.00 (sic)." *Id.* at 8.

Plaintiff's complaint does not satisfy federal pleading requirements. The complaint fails to state the legal nature of Plaintiff's claim, the basis for this Court's jurisdiction, the specific defendants being sued, or the actions of those defendants that give rise to liability. The complaint appears to be a series of letters to various individuals, is difficult to understand, and contains no facts. The complaint does not provide a "short and plain statement" of his claims nor "simple, concise, and direct" allegations. Fed. R. Civ. P. 8(a). The Court will therefore dismiss Plaintiff's complaint for failure to state a claim.

**III.   Leave to Amend and Plaintiff's Obligations.**

In this circuit, "[a] pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The Court will dismiss the complaint without prejudice and allow Plaintiff to file an amended complaint, consistent with this order, that properly states a claim for relief. Plaintiff shall have until **September 5, 2014** to file an amended complaint.

Plaintiff is advised that he must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"), which may be obtained in the Clerk of Court's office. For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). These pleading requirements shall be set forth in separate

1  and discrete paragraphs.  Rule 8(d) provides that each such paragraph "must be simple,
2  concise, and direct."  Fed. R. Civ. P. 8(d)(1).

3  The "short and plain statement of the claim" required by Rule 8(a)(2) must not
4  only designate a cause of action, but must also include enough factual allegations to
5  render the claim plausible.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).  If Plaintiff
6  chooses to file an amended complaint asserting constitutional violations by federal or
7  state officials, his pleading should include a statement of the constitutional rights Plaintiff
8  believes to have been violated, how each right was violated, how each defendant
9  contributed to the violation, and what injury was caused by each alleged constitutional
10 violation.  Such factual allegations must provide enough information to "allow[ ] the
11 court to draw the reasonable inference that the defendant[s are] liable for the misconduct
12 alleged." *Iqbal*, 556 U.S. at 678.

13 If Plaintiff fails to prosecute this action or to comply with the rules or any Court
14 order, the Court may dismiss the action with prejudice pursuant to Federal Rule of Civil
15 Procedure 41(b).  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)
16 (holding that the district court did not abuse its discretion in dismissing a pro se
17 plaintiff's complaint for failing to comply with a court order).

18 **IT IS ORDERED:**

19 1.  Plaintiff's complaint (Doc. 1) is **dismissed without prejudice**.

20 2.  Plaintiff's request for IFP status (Doc. 2) is **granted**.

21 3.  Plaintiff shall have until **September 5, 2014** to file an amended complaint.

22 4.  The Clerk of Court shall terminate this action without further order of the
23     Court if Plaintiff fails to file an amended complaint on or before
24     **September 5, 2014**.

25 Dated this 15th day of August, 2014.

David G. Campbell
United States District Judge