**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brett Honig,<br><br>     Plaintiff,<br><br>v.<br><br>Social Security Administration,<br><br>     Defendant. | No. CV-14-01443-PHX-DGC<br><br>**ORDER** |

On August 19, 2014 Plaintiff filed his first amended complaint against the "Social Security Administration." Doc. 8. The Court will dismiss the complaint for failure to state a claim.

**I. Legal Standard.**

In IFP proceedings, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief can be granted[.]" 28 U.S.C. § 1915(e)(2). Although much of § 1915 concerns prisoner litigation, § 1915(e) applies to all IFP proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc). "Section 1915(e)(2)(B)(ii) . . . allows a district court to dismiss[ ] sua sponte . . . a complaint that fails to state a claim[.]" *Id*. at 1130. "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id*. at 1127. A district court dismissing under this section "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id*. at 1127-29 (citations omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This short and plain statement "need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Legal conclusions couched as factual allegations are not given a presumption of truthfulness and "conclusory allegations of law and unwarranted inferences are not sufficient." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). Dismissal is appropriate where the complaint lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

**II.     Plaintiff's Amended Complaint.**

Plaintiff names as Defendant the Social Security Administration. Plaintiff's amended complaint appears to be based on a determination of overpayment that occurred while he was incarcerated in a mental health facility. Doc. 8 at 2. Plaintiff alleges that when he was released "Social Security was asking for all this money to be paid back[.]" *Id.* He believes "this is not fair" because he "didn't know the money was in the bank[.]" *Id.* Plaintiff also appears to allege that his insurance has been stopped and that he also has "an overpayment" with Medicare. *Id.*

Plaintiff attaches to his complaint a series of letters, written either to the "Director of Social Security," the "Social Security Office," or President Obama, complaining that the "Director wants an overpayment back" and Plaintiff does not believe this is fair because he was incarcerated. *Id.* at 8-18.

Plaintiff's amended complaint does not satisfy federal pleading requirements. Although Plaintiff appears to have clarified that he intends to sue the Social Security Administration, the amended complaint fails to state the legal nature of Plaintiff's claim,

- 2 -

or the basis for this Court's jurisdiction. The amended complaint states that Plaintiff does not believe it is fair that Defendant made an overpayment determination while he was incarcerated, but this belief, without more, is not sufficient to state a claim. Plaintiff does not explain what law, if any, was violated by Defendant's alleged actions, nor does he include any information on administrative remedies he has pursued. The Court will therefore dismiss Plaintiff's amended complaint for failure to state a claim.

**III.   Leave to Amend and Plaintiff's Obligations.**

In this circuit, "[a] pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The Court will dismiss the amended complaint without prejudice and allow Plaintiff to file a second amended complaint, consistent with this order, that properly states a claim for relief. Plaintiff shall have until **September 12, 2014** to file a second amended complaint.

Plaintiff is again advised that he must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"), which may be obtained in the Clerk of Court's office. For purposes of his second amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). These pleading requirements shall be set forth in separate and discrete paragraphs. Rule 8(d) provides that each such paragraph "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

The "short and plain statement of the claim" required by Rule 8(a)(2) must not only designate a cause of action, but must also include enough factual allegations to render the claim plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). If Plaintiff chooses to file an amended complaint asserting constitutional violations by federal or

state officials, his pleading should include a statement of the constitutional rights Plaintiff believes to have been violated, how each right was violated, how each defendant contributed to the violation, and what injury was caused by each alleged constitutional violation. Such factual allegations must provide enough information to "allow[ ] the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

If Plaintiff fails to prosecute this action or to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (holding that the district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order).

**IT IS ORDERED:**

1. Plaintiff's amended complaint (Doc. 8) is **dismissed without prejudice**.
2. Plaintiff shall have until **September 12, 2014** to file a second amended complaint.
3. The Clerk of Court shall terminate this action without further order of the Court if Plaintiff fails to file a second amended complaint on or before **September 12, 2014.**

Dated this 26th day of August, 2014.

_____
David G. Campbell
United States District Judge